## EDWARD P. O'NEIL v. OLIVER IRON MINING COMPANY.[1]

February 20, 1948.

No. 34,523.

*W. O. Bissonett,* for relator.
*Clifford F. Hansen,* for respondent.

LORING, CHIEF JUSTICE.

This case comes here on certiorari to review an order of the industrial commission allowing certain medical expenses to an employe injured in an industrial accident arising out of and in the course of his employment. The referee found that the employe, without the consent of the employer and without an order of the industrial commission, incurred or paid various medical, hospital, and other expenses, and he denied compensation therefor.

The employe appealed to the commission, which approved and adopted the referee's findings that all expenses involved were incurred without consent of the employer or order of the commission, but found that the employer should pay Dr. C. C. Chatterton of St.

[1]Reported in 32 N. W. (2d) 71.

Paul $165 for professional services, St. Luke's Hospital of St. Paul $119 on a hospital bill of $319, and reimburse employe in the sum of $200 paid by him on that bill. These expenses were found to be necessary and reasonable. Various other amounts were disallowed.

M. S. A. 176.15 provides that an employer shall furnish such medical, surgical, and hospital treatment, et cetera, as may be reasonably required at the time of the injury and during disability to cure and relieve from the effects of the injury. In case of disability or refusal seasonably to do so, liability is imposed on the employer for reasonable expense. It also provides that the industrial commission may at any time, upon the request of an employer or employe, order a change of physicians and designate a physician suggested by the injured employe or by the commission itself. In such case, the expense thereof shall be borne by the employer.

The employer contends that since there was no consent by it and no order of the commission none of the expenses are allowable.

Employe takes the position that the statute is remedial, should be liberally construed, and points out that it is undisputed that he requested and demanded further medical treatment, and that the treatment given by Dr. Chatterton at St. Luke's Hospital was found to be reasonable and necessary. From St. Paul, prior to going to Dr. Chatterton, employe telephoned his employer in Virginia, Minnesota. He was told that consent could not be given to treatment by Dr. Chatterton and that employe would have to have an order from the industrial commission. Employe then went to the commission and made his request. He consulted the compensation attorney for the commission, who made an appointment for him by telephone with Dr. Chatterton. Nothing was said to employe about filing a petition, signing any papers requesting a change of physicians, or obtaining a written order.

The fact that employe received medical treatment without formal written order being entered is not a bar to relief. Morrell v. City of Austin, 208 Minn. 132, 293 N. W. 144, 142 A. L. R. 1199. In that case the employe obtained medical treatment after being informed that he was not entitled to a change of physicians without the con-

sent of the employer. The element of misinformation may have been controlling, but the expenses incurred were allowed. Here, the industrial commission through its attorney arranged for the medical treatment. What was said in the Morrell case can be restated here (208 Minn. 138, 293 N. W. 147, 142 A. L. R. 1199):

"Relator is an ordinary working man wholly uninformed as to procedural requirements. He was without aid of counsel. His position is easily visualized. Suffering as he was with pains and disabilities caused by an industrial and compensable accident, he was left in a state of complete ignorance as to the true legal course to pursue to get needed professional aid. He indicated his choice of medical service in language that no one could misunderstand."

It is true that in the case at bar employe was properly informed by employer's casualty supervisor that he would have to have an order of the industrial commission. Upon being so told, he went to the commission, whose compensation attorney at once made the arrangement with Dr. Chatterton. Employe, a layman unversed in legal procedure, was justified in the belief that he was complying with the law and that he was getting an order of the commission. It is significant that the employer claims no prejudice because it did not receive a copy of the order. Even though there may not have been a technical compliance with the statute, the industrial commission was justified in allowing the medical expenses as it did.

In regard to the expenses which were disallowed by the industrial commission, they were incurred prior to the time that employe went to the industrial commission and requested a change of physicians. An employe may not ignore his employer and the industrial commission, change physicians, and be reimbursed. However, that is not this case.

Employe is allowed $250 attorneys' fees in addition to his statutory costs and disbursements.

Order affirmed and writ discharged.